**Dated: July 19, 2022**

**The following is ORDERED:**



Janice D. Loyd
U.S. Bankruptcy Judge

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

|  |  |  |
|---|---|---|
| In re: | ) ) | |
| Charlie Frank Martin, and  Misty Dawn Martin | ) ) ) | Case No. 17-10988-JDL  Ch. 13 |
| Debtors. | ) ) | |

**ORDER DENYING MOTION TO AVOID LIEN**

This matter came on for consideration upon the *2nd Amended Motion to Avoid Lien on Exempt Property* filed by the Debtors on June 30, 2022 (the "*Motion*") [Doc. 32]. The Debtors' *Motion* seeks to avoid hospital liens filed by Southwestern Medical Center, LLC in Lawton, Oklahoma[1], pursuant to 11 U.S.C. § 522(f)(1)(A), which allows the avoidance

---

[1] Although the *Motion* does not specify when such liens were filed, from a perusal of the records in the Office of the County Clerk of Comanche County, it appears that three hospital liens were filed by Southwestern Medical Center, LLC in Lawton against Debtor Charlie F. Martin: liens filed on July 1, 2013, on April 26, 2013 and on July 22, 2013. This Court is entitled to take judicial notice of such records. *Adams v. Watts,* 2009 WL 5101759 (W.D. OK. 2009) (taking judicial notice of the public records of the District Court of Comanche County available on the Internet); *Shoulders v. Dinwiddie,* 2006 WL 2792671 (W.D. OK. 2006) (court may take judicial notice of state court records available on the world wide web including docket sheets in district courts).

by a debtor of a non-possessory, non-purchase money judicial lien to the extent that the lien impairs an exemption to which a debtor is entitled. While no party has filed a pleading in opposition to the *Motion* that does not preclude this Court from considering the *Motion* on its merits. The Court is obligated to follow and apply the law, even where the litigants unanimously (either firmly or through their silence) urge otherwise. See e.g., *In re Millspaugh,* 302 B.R. 90, 95 (Bankr. D. Idaho 2003) ("courts are not required to grant the request for relief simply because the request is unopposed"); *In re Franklin*, 210 B.R. 560, 562 (Bankr. N.D. Ill. 1997); *Nunez v. Nunez (In re Nunez)*, 196 B.R. 150, 156-57 (9th Cir. BAP 1996) ("The granting of an uncontested motion is not an empty exercise but requires that the Court find merit to the Motion."); *In re Lancaster*, 2003 WL 109205 (Bankr. D. Idaho 2003) (the court recognized that lack of opposition does not absolve the Court's responsibility to ensure that relief may properly be entered); *In re Warrior*, 2018 WL 2315919 (Bankr. W.D. Okla. 2018) (this Court quoting Judge Learned Hand in *United States v. Marzano,* 149 F.2d 923, 929 (2nd Cir. 1945), that "[a] judge is more than a moderator; he is charged to see that the law is properly administered, and it is a duty which he cannot discharge by remaining inert."). The Court will therefor consider the *Motion* on its merits. The following findings of fact and conclusions of law are made pursuant to Fed. R.Bankr.P. 7052 and 9014.

Although state law controls the availability of the homestead exemption, § 522(f) controls the availability of lien avoidance*. David Dorsey Distributing, Inc. v. Sanders (In re Sanders),* 39 F.3d 258, 260 (10th Cir. 1994); *Coats v. Ogg (In re Coats),* 232 B.R. 209, 212 (10th Cir. BAP 1999). In order for a debtor to avoid a lien under § 522(f)(1), the debtor must show: "(1) that the lien is a judicial lien; (2) that the lien is fixed against an interest of the

2

debtor in property; and (3) that the lien impairs an exemption to which the debtor would otherwise be entitled.*" In re Jordana*, 232 B.R. 469 (10th Cir. BAP 1999); *Henderson v. Belknap (In re Henderson)*, 18 F.3d 1305, 1308 (5th Cir. 1994).

The Debtors fail to establish the first requirement for avoidance of a lien under § 522(f), i.e. that the lien is a *judicial* lien. There is no legal question that the hospital liens which are the subject of the *Motion* are not *judicial* liens, but *statutory* liens which may not be avoided under § 522(f). As stated in *In re Innis,* 181 B.R. 548, 551 (Bankr. N.D. Okla. 1995):

> The hospital lien involved here is a statutory lien, assigned by 42 O.S. § 43 to property which is exempt under 31 O.S § 1(A)(21). If the exemption were given effect against the lien, the lien would be rendered nugatory. This Court declines to construe the Oklahoma statutes in such manner as to render 42 O.S. § 43 nugatory.

The term "judicial lien" means a lien obtained by judgment, levy, sequestration, or other legal or equitable process or proceeding. 11 U.S.C. § 101(36). The term "statutory lien" means a lien arising solely by force of a statute on specified circumstances or conditions, or lien of distress for rent, whether or not statutory, but does not include security interest or judicial lien, whether or not such interest or lien is provided by or is dependent on a statute and whether or not such interest or lien is made fully effective by statute. 11 U.S.C. § 101(53). "A statutory lien is only one that arises automatically, and is not based on an agreement to give a lien or on judicial action...." H.R.Rep.No. 95-595, 95th Cong. 1st Sess. 314 (1978), U.S.Code Cong. & Ad. News 1978, page 6271; *In re Mills,* 37 B.R. 832, 834-35 (Bankr. E.D. Tenn. 1984).

"Statutory liens are not subject to avoidance under § 522 (f)(1)(A)." *In re Bingham*,

3

344 B.R. 648, 650 (Bankr. W.D. Okla. 2006); *In re Morgan*, 2000 WL 1194144 (Bankr. E.D. N.C. 2000) (federal tax lien).  Conspicuously absent from § 522(f) is any provision allowing the debtor to avoid statutory liens.  There is no question that the three hospital liens which are the subject of this dispute are statutory liens which may not be avoided under § 522(f).  *See  In re Innis,* supra*; In re Pohrman,* 146 B.R. 570, 573, LLC (Bankr. D. Ore. 1992);  *In re Smith,* 119 B.R. 714, 723 (Bankr. D.  N.D. 1990).

For the above-stated reasons, the hospital liens of Southwestern Medical Center cannot be avoided by the Debtors, and, accordingly, the Debtors' *2nd Amended Motion to Avoid Lien on Exempt Property* [Doc.32] is hereby **DENIED**.

# # #